UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**Lamonte Lake,**
    **Plaintiff,**

    vs.           06-2230

**The State of Illinois,**
**Illinois Department of Corrections,**
**Blair Leibach, Mary Miller, and M. Momodue,**
    **Defendants.**

**OPINION**

On December 4, 2006, the plaintiff filed a petition to proceed in forma pauperis, along with a complaint. On December 5, 2006, the plaintiff was allowed to proceed in forma pauperis and on December 11, 2006, a merit review conference was scheduled for January 10, 2007. The pro se plaintiff, Lamonte Lake appeared before the court, via video conference from the Shawnee Correctional Center.

**Standard**

The court is required by 28 U.S.C. §1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).[1]

Pleading particular legal theories or particular facts is not required to state a claim. Fed. R. Civ. P. 8 (complaint need contain only a short, plain statement of the claim and the relief sought); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *citing Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir.). The complaint need only give "a short and plaint statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant county Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)(citations and internal quotation marks omitted)(*cited by Dewalt*, 224 F.3d at 612; Fed. R. Civ. P. 8(a)(2).

---

[1] Incarcerated plaintiffs are barred from proceeding in forma pauperis if they have "on 3 or more occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. Section 1915(g).

1

The merit review standard is the same as a motion to dismiss standard. It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

**Allegations**

The plaintiff is Lamonte Lake, is currently incarcerated at Shawnee Correctional Center. In the caption of his complaint, he names the State of Illinois and the [Illinois] Department of Corrections. He also names as defendants, Blair Leibach, the warden of Danville Correctional Center; Mary Miller, Health Care Administrator at DCC; and M. Momodue, a physician assistant at DCC.

The plaintiff claims that on April 5, 2004, he went to the health care unit [at Danville Correctional Center] and was provided medical treatment for a "urinary problem" by M. Momodue, the physician assistant. Momodue wanted to prescribe antibiotics for the plaintiff's medical condition. The plaintiff wanted to be referred to a specialist. Momodue refused and told the plaintiff to take the antibiotics or leave. In response, the plaintiff asked Momodue "are you denying me medical attention because the fact that I can't urinate sometimes is a threat to my health and maybe my life." The plaintiff's interpretation of Momodue's refusal to refer the plaintiff to a special is that Momodue denied medical care to the plaintiff.

Further, the plaintiff claims that on April 7, 2004[2] Leibach failed to perform his administrative duties as chief administrative officer by failing to take immediate action on the plaintiff's emergency grievance, which was filed on April 5, 2004. The plaintiff claims Leibach failed to acknowledge the seriousness of his condition and to make sure the plaintiff received necessary medical attention and "to make a medical decision" on his condition when Leibach decided that the plaintiff's emergency grievance was not an emergency and advised the plaintiff to submit his grievance in the normal manner. Leibach also forwarded the plaintiff's emergency grievance to Mary Miller, the health care administrator.

---

[2]In his complaint, the plaintiff notes that the date was April 7, 2006. However, based on the plaintiff's allegations, the court reasonably assumes the correct date is April 7, 2004.

Further, the plaintiff claims that Mary Miller failed to immediately act on his medical claims and issues contained within his emergency grievance. The plaintiff claims Miller should have seen and known the seriousness of his inability to not pass any form of waste from his body. The plaintiff claims Miller totally ignored the seriousness of his urinary problem and failed to take immediate action to get him the necessary medical attention and treatment.

Finally, the plaintiff alleges that on April 9, 2004, he was taken out of the prison on an emergency medical writ to a local hospital emergency room for treatment after his condition became worse. The plaintiff filed a petition to proceed in forma pauperis along with his complaint on December 4, 2006.

Even if all of the above is true, as the plaintiff did not bring his lawsuit until December 4, 2006, his claim against the defendants is barred by the Illinois' two-year statute of limitations. *See* 735 ILCS 5/13-202; *see also Lucien v. Jockisch*, 133 F. 3d 464, 466 (7th Cir. 1998). Finally, the plaintiff is advised that although his case is dismissed, the plaintiff is still obligated to pay the $350 filing fee in full. *See* 28 U.S.C.A. § 1915(b)(1)(The Prison Litigation Reform Act requires that all prisoners bringing civil actions pay the full amount of the filing fee.).

**It is therefore ordered:**

1. **The clerk of the court is directed to file the plaintiff's complaint, forthwith.**
2. **Pursuant to 735 ILCS 5/13-202; *see also Lucien v. Jockisch*, 133 F. 3d 464, 466 (7th Cir. 1998), the plaintiff's claim against the defendants is barred by the Illinois' two year statute of limitations and his complaint is dismissed in its entirety.**
3. **Although his case is dismissed, pursuant to 28 U.S.C.A. § 1915(b)(1) , the plaintiff is still obligated to pay the $350 filing fee in full.**
4. **The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the trust fund office. Release from incarceration does not relieve the plaintiff's obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.**
5. **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

**Enter this 11th    day of January 2007.**

/s Michael P. McCuskey
_____
**Michael P. McCuskey**
**United States District Judge**